UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Myisha Jackson, | Case No. 20-cv-2336 (TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Senior Care Solutions, Inc., | |
| Defendant. | |

---

Myisha Jackson, 3954 Russell Avenue North, Minneapolis, MN 55412 (pro se Plaintiff); and

Ashleigh M. Leitch and Sarah E. Crippen, Best & Flanagan LLP, 60 South Sixth Street, Suite 2700, Minneapolis, MN 55402 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff's Notice of Motion and Motion (ECF No. 9) and Plaintiff's "Motion to Amend the Complaint to Claim Punitive Damages and Allow Discovery of Defendants' Financial Condition" (ECF No. 33). For the reasons set forth below, the Court denies the motion to strike and grants in part and denies in part Plaintiff's motion to amend the complaint and for discovery.

## I. BACKGROUND

Plaintiff filed this employment discrimination suit against Defendant in November of 2020, alleging that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* (ECF No. 1.) Plaintiff alleges that Defendant illegally discriminated against her on the basis of race by applying different terms and conditions to

1

her employment from those of similarly situated employees and terminating her in September of 2019. (*Id.* at 4-7.) In the facts section of the Complaint, Plaintiff alleged that she was denied unemployment insurance benefits and that Defendant had participated in an appeal hearing regarding those benefits. (*Id.* at 7.) Plaintiff did not request punitive damages at the time she filed this Complaint. (*See id.*)

Service was effected in January of 2021. (ECF No. 3.) Defendant filed and served its Answer on February 3, 2021. (ECF No. 6.) This Answer includes seven affirmative defenses. (*Id.* ¶¶ 17-23.) These affirmative defenses are that: (1) Plaintiff's Complaint fails to state a claim upon which relief can be granted; (2) Plaintiff cannot establish a prima facie case of unlawful discrimination on the basis of race because she cannot prove that her discharge was caused by her race; (3) Defendant's actions were not discriminatory and were not pretextual, but based on legitimate reasons and carried out in the good-faith exercise of Defendant's reasonable business judgment and not based on Plaintiff's race; (4) Plaintiff's claim for damages is barred by failure to mitigate damages; (5) Plaintiff's claim for damages is barred to the extent she has not suffered damages as a consequence of Defendant's conduct; (6) Defendant's actions were taken for legitimate, lawful reasons; and (7) Plaintiff cannot seek punitive damages without following required procedural requirements. (*Id.*)

## II. ANALYSIS

Plaintiff has filed two motions. The Court addresses each in turn.

**A. Motion to Strike**

Plaintiff's Notice of Motion and Motion asks this Court "to enter an Order to strike

ALL Defendant's affirmative defenses contained in the Answer filed by Defendant." (ECF No. 9 at 1.) Plaintiff alleges that these affirmative defenses "failed largely to state sufficient, specific facts, or a legally recognizable defense." (*Id.* at 2.) Plaintiff notes that it is her belief that the heightened pleading standards outlined in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), do not apply to affirmative defenses. (*Id.* at 3.) She nevertheless states the affirmative defenses should be stricken pursuant to Federal Rules of Civil Procedure 12(f) and 12(b)(6).

As an initial matter, the Court notes that Plaintiff did not request a meet-and-confer with counsel for Defendant prior to filing this motion. (Decl. of Ashleigh M. Leitch ¶ 4, ECF No. 18.) The Local Rules dictate that Plaintiff must meet and confer with Defendant prior to filing non-dispositive motions. *See* D. Minn. LR 7.1(a). The Court further cautions Plaintiff that her pro se status does not relieve her of her obligation to comply with the Local Rules, Federal Rules of Civil Procedure, or orders of this Court. *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery."); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").

Plaintiff's motion also fails on the merits. "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an

3

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "A district court enjoys 'liberal discretion'" to strike affirmative defenses under the rule, "[h]owever, striking a party's pleadings 'is an extreme measure,' and motions to strike under Rule 12(f) 'are viewed with disfavor and infrequently granted.'" *Brossart v. DIRECTTV*, No. 11-cv-786 (DWF/JJK), 2011 WL 5374446, at *1 (D. Minn. Nov. 4, 2011) (quoting *Stanbury Law Firm, P.A. v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000)).

"A motion to strike should be granted 'if the result is to make a trial less complicated or otherwise streamline the ultimate resolution of the action.'" *Bjornson v. Soo Line R. Co.*, No. 14-cv-4596 (JRT/SER), 2015 WL 5009349, at *3 (D. Minn. Aug. 24, 2015) (quoting *Daigle v. Ford Motor Co.*, 713 F. Supp. 2d 822, 830 (D. Minn. 2010)). The motion "will be denied," however, "if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (quotation omitted).

As an initial point of analysis, the Court notes that Plaintiff states in her motion that Defendant's first affirmative defense (failure to state a claim on which relief may be granted) should be stricken because the Court has determined that her "Complaint adequately states a claim for relief." (ECF No. 9 at 2.) The Court has not issued any decision regarding the sufficiency of Plaintiff's Complaint, with the exception of its ruling on Plaintiff's motion to amend to add a claim for punitive damages, *see infra*, and as such this is not a sufficient reason to strike this affirmative defense. The Court will instead consider the legal and factual sufficiency of the seven affirmative defenses.

As to an affirmative defense's legal sufficiency, "all well plead allegations in the affirmative defense must be accepted as true and the Court must find that the defense at issue is legally insufficient'" before striking it. *E.E.O.C. v. Prod. Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1097 (D. Minn. 2012) (quoting *United States v. NHC Health Care Corp.*, No. 00-3128-CV-S-4, 2000 WL 33146581, at *1 (W.D. Mo. Dec. 29, 2000)). "A court may strike a defense as legally insufficient if the defense asserted is 'foreclosed by prior controlling decisions or statutes.'" *Bjornson*, 2015 WL 5009349, at *3 (quoting *Prod. Fabricators, Inc.*, 873 F. Supp. 2d at 1097). "[I]f there are no controlling decisions or statutes on point, a defense will not be stricken as legally insufficient." *Id.* Plaintiff has provided no support in her motion for her conclusory statement that Defendant's affirmative defenses do not provide a "legally recognizable defense." (ECF No. 9 at 2.) The Court therefore declines to strike the affirmative defenses as legally insufficient.

This leaves whether the affirmative defenses are factually deficient. Neither party is advocating for the adoption of a heightened "plausibility" pleading standard to affirmative defenses. As such, the Court will not decide whether the heightened pleading standard applies with respect to affirmative defenses, which has not yet been addressed by the Eighth Circuit. *See Acosta v. Luxury Floors, Inc.*, No. 18-cv-1489 (WMW/ECW), 2018 WL 7350478, at *2 (D. Minn. Dec. 7, 2018) (concluding that because the parties agreed the heightened pleading standards did not apply to affirmative defenses, the court "need not decide this issue at this time"), *report and recommendation adopted*, 2019 WL 652419 (D. Minn. Feb. 15, 2019).

CASE 0:20-cv-02336-TNL   Doc. 86   Filed 07/21/21   Page 6 of 15

Plaintiff does not challenge the first affirmative defense (failure to state a claim on which relief may be granted) on a factual basis. (*See* ECF No. 9 at 2.) She does, however, argue that Defendants do not provide sufficient factual support for the remaining affirmative defenses. (*Id.*) Plaintiff argues that Defendant "failed to articulate a legitimate, non-discriminatory reason for its actions" in connection with the second affirmative defense (Plaintiff cannot establish a prima facie case); failed to "offer a legitimate, non-discriminatory, pretextual business reason for the termination" in connection with the third affirmative defense (actions not discriminatory and not pretextual); failed "to state how Plaintiff failed to take reasonable steps to reduce or minimize the damages experienced" in connection with the fourth affirmative defense (failure to mitigate damages); offered "no factual indication" in support of its fifth affirmative defense (Plaintiff has not suffered damages); failed to include "any clear, factual support" for its sixth affirmative defense (Defendant's actions taken for legitimate, lawful reasons); and did not plead "any ultimate facts" in support of its seventh affirmative defense (Plaintiff cannot seek punitive damages without following procedural requirements).

First, many of Plaintiff's arguments where she asserts Defendant did not plead specific facts would require the Court to apply a heightened pleading standard to these defenses, something Plaintiff herself does not advocate for. *See Nadeau v. Experian Info. Sols., Inc.*, No. 20-cv-1841 (PJS/TNL), 2020 WL 7396588, at *5 (D. Minn. Dec. 16, 2020). Second, the Court finds that Plaintiff has failed to establish that any of these affirmative defenses are redundant, immaterial, impertinent, or scandalous. *See* Fed. R. Civ. P. 12(f). The Court agrees with Defendant's analysis that the second, third, and sixth affirmative

6

defenses go directly towards the *McDonnell Douglas* burden-shifting framework utilized in federal employment discrimination cases, and that the fourth, fifth, and seventh affirmative defenses relate to the trial issue of Plaintiff's entitlement to damages. (*See* ECF No. 17 at 6.) These issues are best left to development in discovery. Striking any of these affirmative defenses would not simplify matters or make a potential trial less complicated. *See Bjornson*, 2015 WL 5009349, at *3. In light of these facts, and in conjunction with the general disfavor of motions to strike affirmative defenses, Plaintiff's motion is denied.

### B. Motion to Amend Complaint

Plaintiff's second motion requests leave to file an amended complaint adding a claim of punitive damages under Minnesota Statues § 549.20. (ECF No. 33 at 3.) Plaintiff argues that Defendant "has a heightened and professional understanding of the law they have breached," notes that Defendant has participated in Plaintiff's appeal for unemployment insurance, and concludes that Defendant "has relentlessly engaged in tactics to dismiss Plaintiffs [sic] claims at all costs by being deceitful, altering documentation and providing representation. This Defendant is guilty of intentional misconduct." (*Id.*) Plaintiff also requests that the Court "allow discovery of Defendant's financial condition" because "[t]o properly apply punitive damages, the Defendant's assets and liabilities are essential to this Court and/or jury's determination" of punitive damages.[1] (*Id.* at 6.)

---

[1] The Court notes that there is a dispute between the parties about whether Plaintiff properly met and conferred with Defendant regarding this discovery. (*See* ECF No. 37 at 2-3 (arguing that while there was a proper meet and confer regarding the request to amend the Complaint to add the punitive damages claim, "[t]he parties never held a meet and confer about Plaintiff's request for discovery of Senior Care Solutions' financial condition."); *see also* ECF No. 34-1 at 27 (email from Plaintiff where she argues that the motion to amend and motion to compel were one

7

### 1. Amending the Complaint

As an initial matter, although Plaintiff has requested leave to add a claim for punitive damages under *Minnesota* law, her Complaint and proposed Amended Complaint allege violations of *federal* law, namely Title VII of the Civil Rights Act of 1964. (*Compare* ECF No. 1 *with* ECF No. 33-1.) "A motion to add punitive damages for violations of federal law is governed by federal procedure, namely [Federal Rule of Civil Procedure] 15." *Steen v. Target Corp.*, No. 09-cv-2108 (JNE/SER), 2011 WL 13318282, at *5 (D. Minn. Jan. 18, 2011) (citing *Gamma-10 Plastics, Inc. v. American Pres. Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir 1994)). The Court thus interprets Plaintiff's request to amend the Complaint to allege a claim for punitive damages as a request to do so under federal law as opposed to state law. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is 'to be liberally construed.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Plaintiff was not procedurally barred from including a request for punitive damages in connection with her Title VII claims at the time of pleading. Once 21 days have passed after service of a responsive pleading, however, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Though Defendant initially did not oppose the amendment to add a claim for punitive damages, after reviewing the proposed amendment, it now opposes Plaintiff's motion. (*See* ECF No.

---

motion.).) The Court finds that Plaintiff never properly met and conferred with Defendant regarding the request for discovery of Defendant's financial condition. Though the requests in the present motion are filed together, they are two separate motions—one to amend the Complaint and one for discovery. Plaintiff is again cautioned she must meet and confer with Defendant in an attempt to resolve issues prior to filing any nondispositive motion. *See* D. Minn. LR 7.1(a).

37 at 3-4.)  As Defendant no longer consents to Plaintiff's proposed amendment, the Court's leave is required.  Fed. R. Civ. P. 15(a)(2).

"Although leave to amend 'shall be freely given when justice so requires,' *see* Fed. R. Civ. P. 15(a), [Plaintiff does] not have an absolute or automatic right to amend." *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)).  The Court may deny a party's request for leave to amend only "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."  *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)).  "Fundamentally, 'the grant or denial of an opportunity to amend is within the discretion of the District Court.'"  *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 963 (8th Cir. 2015) (quoting *Foman v. Davis*, 371 U.S. 178, 181 (1962)).

Plaintiff  seeks the addition of a single paragraph of allegations in her proposed Amended Complaint: "Senior Care Solutions, Inc. has relentlessly engaged in tactics to dismiss Plaintiff's claims at all costs by being deceitful, altering documentation, and providing false representation.  This Defendant is guilty of intentional misconduct and must be held liable for punitive damages."  (*Compare* ECF No. 33-1 at 8 *with* ECF No. 33-2 at 8.)

Defendant argues that the proposed amendment is futile.  (*See* ECF No. 37 at 4-7.) As such "this Court must determine whether the proposed claims state a claim for relief at

this stage of the case." *Advance Trust & Life Escrow Srvs., LTA v. ReliaStar Life Ins. Co.*, No. 18-cv-2863 (DWF/ECW), 2020 WL 5229677, at *4 (D. Minn. Sept. 2, 2020) (collecting cases); *see also Hintz v. JP Morgan Chase Bank, N.A.*, 686 F.3d 505, 511 (8th Cir. 2012) ("When the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) . . . ." (quotation omitted)); *Block v. Toyota Motor Corp.*, 795 F. Supp. 2d 880, 886 (D. Minn. 2011) (finding an amendment "is futile where the proposed amended complaint fails to state a claim under the analysis for a Rule 12(b)(6) motion.").

In deciding a Rule 12(b)(6) motion, a court accepts as true all well-pleaded factual allegations and then determines "whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. In doing so, the court must draw reasonable inferences in the plaintiff's favor. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sletten & Brettin Orthodontics v. Cont'l Cas. Co.*, 782 F.3d 931, 934 (8th Cir. 2015) (citation and internal quotations omitted). Facial plausibility of a claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although a sufficient complaint need not be detailed, it must contain "[f]actual allegations . . . enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). Complaints are insufficient if they contain "naked assertions

devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

"Punitive damages are available in a Title VII action when the employer engaged in intentional discrimination 'with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" *Haliye v. Celestica Corp.*, 717 F. Supp. 2d 873, 882 (D. Minn. 2010) (quoting 42 U.S.C. § 1981a(b)(1)). "The terms 'malice' or 'reckless indifference' pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999). "To be liable in punitive damages, 'an employer must at least discriminate in the face of a perceived risk that its actions will violate federal law.'" *Shukh v. Seagate Tech., LLC*, 873 F. Supp. 2d 1087, 1090 (D. Minn. 2012) (quoting *Kolstad*, 527 U.S. at 536).

Defendant relies on *Shukh*, arguing that the single proposed paragraph does not address Title VII discrimination, allege new facts, or address Defendant's state of mind "so as to permit a reasonable inference of malice or reckless disregard of Plaintiff's rights." (ECF No. 37 at 6-7 (citing *Shukh*, 873 F. Supp. 2d at 1091); *see also* ECF No. 37 at 7 ("This new paragraph does not render it plausible that [Defendant] discriminated against Plaintiff with malice or reckless disregard to her rights.").) It further argues that this is borne out by Plaintiff's motion, which focuses on Defendant's actions during Plaintiff's appeal of her unemployment insurance ineligibility and the EEOC investigation of Plaintiff's charge of discrimination—both of which are separate and apart from the allegations outlined in the Complaint. (*Id.* at 8.) To be sure, Plaintiff filed an affidavit in

11

support of her motion which contains exhibits outlining statements Defendant made throughout Plaintiff's unemployment insurance appeal and EEOC investigation. (*See generally* ECF No. 34-1.) These exhibits, however, also highlight communications detailing the decision of Defendant to terminate Plaintiff. (*See id.* at 1-4.) This termination is the heart of Plaintiff's Complaint and her proposed Amended Complaint. (*See generally* ECF No. 1; ECF No. 33-1.)

This case is distinguishable from *Shukh*. In that case, Plaintiff had filed suit in 2010, first asked to amend the complaint to add punitive damages under Title VII with his Second Amended Complaint in 2011, and was permitted to add a claim for punitive damages in December 2011. *Shukh*, 873 F. Supp. 2d at 1089. Shukh then filed his Third Amended Complaint with the understanding that defendant in that case could move to dismiss the Title VII punitive damages claim. *Id.* The court, in considering the motion to dismiss, noted that when considering a prior motion to dismiss, "Shukh's pleadings related to discrimination in pay, promotions, and failure to be recognized for achievements, consist[ed] of little more than bare statements." *Id.* at 1091; *see also id.* at 1089 ("The Court previously found that Shukh's allegations of discrimination and retaliation were little more than bare assertions that such events had occurred.").

Ultimately, "[u]nder federal law, there is no heightened pleading requirement for punitive damages. Plaintiff need not specifically plead punitive damages so long as the complaint alleges conduct that would support a claim for punitive damages and Defendants have notice that Plaintiff intends to seek punitive damages." *Kademani v. Mayo Clinic, et al.*, No. 09-cv-219 (JRT/FLN), 2010 WL 9008906, at *1 (D. Minn. Nov. 3, 2010). Plaintiff

has alleged that Defendant wrongfully terminated her and deviated from its progressive discipline policy when doing so. (ECF No. 1 at 7; ECF No. 33-1 at 7.) She also alleges that she was treated differently than white co-workers, notably in how workplace complaints are processed and investigated, and how discipline is applied. (*Id.*) Specifically, Plaintiff contends that a supervisor "intended to terminate her position" on the basis of her race because she was not allowed to document a response to a complaint made about her during a workplace incident. (*Id.*) Plaintiff alleges further that the same supervisor refused to investigate an incident reported by Plaintiff, but then investigated the same incident when a white co-worker reported it. (*Id.*) Plaintiff provides that the supervisor "only took concern with investigating a complaint when it was made by . . . a white co-worker." (*Id.*)

In granting Plaintiff's motion for leave to amend her Complaint to add the punitive damages claim, the Court expresses no opinion on whether Plaintiff will be able to ultimately prove the sort of malice or reckless indifference required for an award of punitive damages. Plaintiff shall file her Amended Complaint in substantially the same form as ECF No. 33-1 within 14 days.

### 2. Plaintiff's Request for Discovery

Plaintiff has requested that the Court order Defendant to produce unspecified financial information to Plaintiff in order to further develop Plaintiff's claims for punitive damages. (*See* ECF No. 33 at 6.) At the time the motion was filed, Plaintiff had not served a discovery request on Defendant. (*See* ECF Nos. 37-38.) Plaintiff has recently filed a motion to compel discovery which includes a request for Defendant's financial information

including annual reports, balance sheets, profit and loss statements, income statements, and federal tax returns. (*See* ECF No. 59 at 17.) The Court will thus deny Plaintiff's motion for general financial discovery as moot in light of the recently-filed motion to compel. (*See* ECF No. 57.)

### III. ORDER

Therefore, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Notice of Motion and Motion requesting "the Court to enter and Order to strike ALL Defendant's affirmative defenses contained in the Answer filed by Defendant" (ECF No. 9) is **DENIED**.

2. Plaintiff's "Motion to Amend the Complaint to Claim Punitive Damages and Allow Discovery of Defendants' Financial Condition" (ECF No. 33) is **GRANTED IN PART** and **DENIED IN PART**:

    a. Plaintiff shall file her Amended Complaint in substantially the same form as ECF No. 33-1 within 14 days of the date of this Order.

    b. Plaintiff's motion for discovery is **DENIED**.

3. All prior consistent orders remain in full force and effect.

[continued on next page]

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: July  21 , 2021                              *s/Tony N. Leung*
                                                    Tony N. Leung
                                                    United States Magistrate Judge
                                                    District of Minnesota

                                                    *Jackson v. Senior Care Sols.*
                                                    Case No. 20-cv-2336 (TNL)