## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Myisha Jackson, | Case No. 20-cv-2336 (TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Senior Care Solutions, Inc., | |
| Defendant. | |

Myisha Jackson, 3954 Russell Avenue North, Minneapolis, MN 55412 (pro se Plaintiff); and

Sarah E. Crippen, Best & Flanagan LLP, 60 South Sixth Street, Suite 2700, Minneapolis, MN 55402 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant's Motion to Compel (ECF No. 46), Plaintiff's Motion to Compel (ECF No. 57), the Parties' Joint Motion to Modify the Scheduling Order (ECF No. 66), and Plaintiff's Motion to Compel 30(b)(6) Corporate Witness Deposition (ECF No. 91). A hearing was held before the undersigned on the motions to compel and the motion to modify the scheduling order on August 11, 2021. (ECF No. 95.) At the conclusion of the hearing, the Court ordered the parties to provide supplemental briefing on outstanding discovery issues. (*Id.*) Those submissions have been received and reviewed by the Court. (*See* ECF Nos. 96, 98, 99, 100, 101.)

On the eve of the hearing, Plaintiff filed a Motion to Compel 30(b)(6) Corporate Witness Deposition. (ECF No. 91.) During the hearing, Defendant expressed that it

opposed this motion, and the parties briefly stated their respective positions on the motion. Defendant subsequently filed its timely memorandum in opposition to the motion. (ECF No. 97.)

All four motions are now ripe for consideration. For the reasons set forth below, the Court grants Defendant's motion to compel; grants in part and denies in part Plaintiff's motion to compel; grants the joint motion to modify the scheduling order; and denies Plaintiff's motion to compel a 30(b)(6) deposition.

## I. BACKGROUND

Plaintiff filed this employment discrimination suit against Defendant in November of 2020, alleging that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* (ECF No. 1.) Plaintiff alleges that Defendant illegally discriminated against her on the basis of her race by applying different terms and conditions to her employment from those of similarly situated employees and by terminating her in September of 2019. (*Id.* at 4-7.) Pursuant to the Court's July 21, 2021 Order (ECF No. 86), Plaintiff filed an Amended Complaint adding a claim of punitive damages on July 28, 2021. (ECF No. 87.)

Both parties seek a significant amount of discovery from the other in their motions to compel. Pursuant to the Pretrial Scheduling Order, discovery was to be completed by July 1, 2021. (ECF No. 32 at 1.) Prior to the close of discovery, the parties filed their joint motion to modify the scheduling order. (ECF No. 66.)

## II. MOTIONS TO COMPEL

Each party has filed a motion to compel seeking various discovery. During the

hearing, the Court asked the parties to state whether any progress had been made in resolving these extensive discovery disputes.   After some discussion and further disagreement on whether any progress had been made (and if so, to what extent progress had been made), the Court ordered further briefing to clarify which discovery disputes remained.

As an initial matter, the Court would like to remind Plaintiff, as it did at the hearing, that she is not permitted to file a reply memorandum in support of a nondispositive motion without prior permission from the Court.   *See* D. Minn. LR 7.1(b)(3).   The Court has previously reminded Plaintiff that while she is proceeding in this matter pro se, she must comply with the Local Rules, Federal Rules of Civil Procedure, and orders of the Court. (*See* July 21, 2021 Order at 3.)   The Court has not considered Plaintiff's reply memorandum filed in support of her motion to compel (*See* ECF No. 81 (filed on July 13, 2021).)   It also has not considered the additional documents, including a letter, filed by Plaintiff on August 4, 2021.   (*See* ECF Nos. 88-90.)   Plaintiff is again reminded that requests made to this Court must be made by way of a formal motion.

The Court also notes that Plaintiff never timely filed opposition to Defendant's Motion to Compel.   Local Rule 7.1(b)(2) directs the responding party to file and serve its memorandum of law and any accompanying affidavits and exhibits within seven days of the filing of a nondispositive motion.   In this instance, Defendant filed its motion and documents in support on June 9, 2021.   (*See* ECF Nos. 46-52.)   Plaintiff's opposition to

Defendant's motion to compel was not filed until July 2, 2021.[1]  (ECF No. 76.)  This is more than two weeks after her responsive memorandum was due.  *See* D. Minn. LR 7.1(b)(2).  Defendant has filed a letter asking that the Court disregard the untimely filings and to award Defendant reasonable attorney's fees.  (*See* ECF No. 75 (also stating it was served with the response on July 1, 2021.).)

Again, Plaintiff has been informed that she must comply with applicable rules, notwithstanding her pro se status.  Plaintiff's pro se status does not relieve her of her obligation to comply with the Local Rules, Federal Rules of Civil Procedure, or orders of this Court.  *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery."); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").  The Court will not consider Plaintiff's untimely filing and will discuss attorney's fees later in its ruling.  *See infra* Section III.

### A. Legal Standard

District courts have "very wide discretion in handling pretrial discovery."  *Hill v. Sw. Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017) (quotation omitted).  In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed. R. Civ. P.

---

[1] Plaintiff dated this memorandum July 1, 2021.  (*Id.* at 21.)

26(b)(1).  Information need not be admissible to be discoverable.  *Id.*  Rule 37 permits a party to move for an order compelling discovery.  Fed. R. Civ. P. 37(a).

Once the party seeking the discovery has made a threshold showing of relevance, the court generally looks to the party resisting discovery to show specific facts demonstrating lack of relevancy or undue burden.  *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, No. 15-cv-3183 (ADM/LIB), 2016 WL 6997113, at *7 (D. Minn. Sept. 6, 2016).  A party objecting to a discovery request "cannot rely upon boilerplate objections, but rather they must specify how each interrogatory or request for production is deficient and articulate the particular harm that would accrue if they were required to respond to the discovery request." *Arctic Cat, Inc. v. Bombardier Recreational Prods., Inc.*, No. 12-cv-2692 (JRT/LIB), 2014 WL 12610146, at *7 (D. Minn. May 23, 2014) (citing *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2000)).

Even relevant discovery, however, "is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quotation omitted); *see* Fed. R. Civ. P. 26(b)(1).

"The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018) (quotation omitted).  "[A] court can—and must—limit proposed discovery that it determines is not proportional to the needs of the

case." *Id.* (quotation omitted).   Considerations bearing on proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1); *see also Vallejo*, 903 F.3d at 742-43.  With this in mind, the Court turns to each motion.

## B. Defendant's Motion to Compel

In its initial briefing, Defendant stated that Plaintiff had not produced "a single document;" that she had refused to answer certain interrogatories; and that she had refused to answer one request for admission.  (Def.'s Mem. in Supp. of its Mot. to Compel (hereinafter "Def.'s Mem. in Supp.") at 1, ECF No. 48.)  In its post-hearing briefing, Defendant states that since the filing of the motion, Plaintiff has provided Defendant with documents made in four rolling productions.  (Def.'s Letter Br. at 1, ECF No. 96.)  Notwithstanding the production of these documents, Defendant still seeks responses to a request for admission and certain interrogatories, and also seeks additional documents from Plaintiff.  (*Id.*)

### 1. Request for Admission 1

Under the Federal Rules of Civil Procedure, a party may serve on another party a written request to admit the truth of any matter within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either.  Fed. R. Civ. P. 36(a)(1)(A).

Defendant asks the Court to compel Plaintiff to provide an answer to its Request for Admission 1, which states, "Admit that no SCS employee made any negative statements

about race to you during your employment with SCS." (Ex. B to Leitch Aff. at 1, ECF No. 49-2.) Plaintiff objected and did not provide an answer, arguing that this request for admission is irrelevant to this case. (*Id.*) In her post-hearing briefing, Plaintiff rested on her objection to this request for admission. (*See* Pl.'s Reply Letter at 1, ECF No. 100 ("Plaintiff believes all discovery responses supplied to Defendant are in accordance with the rules and procedures that govern this Court.").)

A requesting party may move to determine the sufficiency of an objection, and if the Court finds an objection unjustified then it "must order that an answer be served." Fed. R. Civ. P. 36(a)(6). The Court finds Plaintiff's objection unjustified and the request for admission relevant. It is relevant as its admission or denial could bear on Plaintiff's claims of racial discrimination and Defendant's defense of this claim. *See Heilman v. Waldron*, 287 F.R.D. 467, 473 (D. Minn. 2012) ("Relevance is construed broadly at the discovery stage."). The Court will compel Plaintiff to answer Defendant's Request for Admission 1.

### 2. Interrogatories 7, 8, and 11

Defendant seeks an order compelling Plaintiff to answer Defendant's Interrogatories 7, 8, and 11. (Def.'s Mem. in Supp. at 4-7; *see also* Def.'s Letter Br. at 1.) Interrogatories "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). All objections to interrogatories "must be stated with specificity." Fed. R. Civ. P. 33(a)(4).

Interrogatory 7 states, "Identify every person you have communicated with about this lawsuit and state when each discussion or communication took place." (Ex. A. to Leitch Aff. at 4, ECF No. 49-1.)

Interrogatory 8 states, "Describe every fact that supports your allegation that [Defendant] terminated your employment because of your race." (*Id.* at 5.)

Interrogatory 11 states, "Identify who was involved with the arguments alleged in paragraph 14 of your Complaint, where the alleged argument occurred, and, if you were not a witness to the alleged argument, who told you about the alleged argument." (*Id.*)

Plaintiff asserted in her objections to Interrogatories 7 and 8 that these interrogatories call for privileged information, but she failed to specify to what privilege she was referring. (*See id.* at 4-5.)  During the hearing, Plaintiff specified that she was relying on the work product privilege. (*See also* Pl.'s Reply Letter at 2-3 (discussing this privilege in the context of her objections in response to some of Defendant's requests for production of documents).)

But the work product privilege would not apply here.  According to the Rule 26, "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3); *see also Carlson v. BNSF Railway Co.*, No. 19-cv-1232 (WMW/DTS), 2021 WL 3030644, at *3, *3 n.2 (D. Minn. July 19, 2021) (stating that the work product privilege protects materials, documents, and tangible things from disclosure).  These interrogatories do not seek the disclosure of materials, documents, or tangible things.  Nor do they seek the disclosure of mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorney. *See* Fed. R. Civ. P. 26(b)(3)(B) (providing that in the event a court orders the discovery of documents or tangible things, it must protect against the disclosure of those impressions, conclusions, opinions, or theories).  Plaintiff is pro se in this matter,

8

and Defendant is not seeking the disclosure of tangible work product through these interrogatories or the opinion work product of any legal counsel.

Plaintiff's remaining objections to the interrogatories are without merit. Plaintiff objects to Interrogatory 7 as harassment and states it is not calculated to produce admissible evidence; and objects to Interrogatory 11 as, according to her, the information sought is considered hearsay and is not calculated to produce admissible evidence. (Ex. A to Leitch Aff. at 4-6.) As the Court has previously noted, however, discoverable evidence need not be admissible. *See* Fed. R. Civ. P. 26(b)(1). Nor does the Court view Interrogatory 7 as harassing—indeed, a response could produce relevant information.

The interrogatories are relevant and proportional to the needs of this case. The Court will compel Plaintiff to answer Defendant's Interrogatories 7, 8, and 11.

### 3. Document Requests

At the time of the filing of Defendant's motion, Plaintiff had produced zero documents to Defendant. (Leitch Aff. ¶ 5, ECF No. 49.) Defendant has previously informed Plaintiff that if Defendant has already produced a document, she need not produce it back to Defendant. (*See* Def.'s Mem. in Supp. at 7.) Notwithstanding Plaintiff's subsequent production of documents, Defendant continues to believe that Plaintiff has not produced documents responsive to Defendant's Document Requests 5, 6, 7, 9, 12, and 15. (Def.'s Letter Br. at 1-3.) The Court thus narrows the scope of its analysis to consider whether it should order Plaintiff to provide any additional response to those six document requests.

Pursuant to Rule 34, Plaintiff must produce documents in her possession, custody,

or control in response to any request within the scope of Rule 26(b).  Fed. R. Civ. P.

34(a)(1)(A).  The Court has reviewed Defendant's Document Requests and Plaintiff's

responses thereto.  (*See* Ex. C to Leitch Aff., ECF No. 49-3.) The Court will address the

various objections made by Plaintiff as well as Defendant's claim that Plaintiff continues

to withhold documents responsive to the six document requests.

### a. Work Product Privilege Objections

Plaintiff makes "privilege" objections to Defendant's Document Requests 6, 7, and

15.  (*See* Ex. C to Leitch Aff at 5-6, 9.)  As noted previously, Plaintiff specified at the

hearing that she is asserting the work product privilege when she makes a privilege

objection.

"The work product doctrine establishes that 'information or materials assembled by

or for a person in anticipation of litigation or in preparation for trial may be qualifiedly

privileged from disclosure to an opposing party.'" *Triple Five of Minnesota, Inc. v. Simon*,

212 F.R.D. 523, 527 (D. Minn. 2002) (quoting *Diversified Indus., Inc. v. Meredith*, 572

F.2d 596, 601 (8th Cir. 1977)); *see  also* Fed. R. Civ. P. 26(b)(3)(A)(i)-(ii).

The work product doctrine was codified in Rule 26 after the Supreme Court's

decision in *Hickman v. Taylor*, which explained that the work product doctrine applies to

"materials obtained or prepared by an adversary's counsel with an eye toward litigation."

329 U.S. 495, 511 (1947).  As the Eighth Circuit has summarized:

> There are two kinds of work product—ordinary work product
> and opinion work product.  Ordinary work product includes
> raw factual information.  Opinion work product includes
> counsel's mental impressions, conclusions, opinions, and legal
> theories.  Ordinary work product is not discoverable unless the

10

> party seeking discovery has a substantial need for the materials
> and the party cannot obtain the substantial equivalent of the
> materials by other means.  In contrast, opinion work product
> enjoys almost absolute immunity and can be discovered only
> in very rare and extraordinary circumstances.

*Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000) (citations omitted).

"The work product doctrine was designed to prevent 'unwarranted inquiries into the files

and the mental impressions of an attorney.'"  *Pemberton v. Rep. Servs., Inc.*, 308 F.R.D.

195, 200-01 (E.D. Mo. 2015) (quoting *Hickman*, 329 U.S. at 510).

Document Request 6 asks for "All documents relating to your communication with

Cindy Hernandez in which you discussed in any way the terms and conditions of working

for [Defendant], specifically work hours, complaints, investigations of complaints, and

discipline; your employment termination, or this lawsuit."  (Ex. C to Leitch Aff. at 5.)

Document Request 7 asks for "All documents relating to your communications with

Josey Prettner in which you discussed in any way the terms and conditions of working for

[Defendant], specifically work hours, complaints, investigations of complaints, and

discipline; your employment termination; or this lawsuit."  (*Id.*)

Plaintiff argues that she should not have to turn over these communications in part

because (1) these individuals will serve as her witnesses; and (2) she has provided a

description of the documents in her possession related to these requests.  (Pl.'s Reply Letter

at 2.)

Document Request 15 asks for "All logs, journals, notes, calendars, and diaries that

you have maintained at any time since May 2019 that relate in any way to your employment

at [Defendant] or to any of the allegations contained in your Complaint or [Defendant's]

Answer." (Ex. C to Leitch Aff. at 9.)  Plaintiff again asserts the work product privilege and makes no further comment on the matter except that she is "entitled to such privileges." (Pl.'s Reply Letter at 3.)  In her response to Document Request 15 Plaintiff did state that, notwithstanding her privilege objection, she "maintains digital notes regarding allegations contained in Plaintiff's Complaint or [Defendant's] Answer." (Ex. C to Leitch Aff. at 9.)

Plaintiff proceeds pro se in this case and has not explained why the work product doctrine applies to these specific requests made by Defendant.  The Court finds that the work product doctrine does not apply to any communications between Plaintiff and Hernandez or Plaintiff and Prettner.  The Court further agrees with Defendant that Plaintiff has not met her burden to demonstrate that the notes she cites to in her response to Document Request 15 were made in anticipation of litigation or trial or otherwise meets the requirements necessary to avail herself of the protections under the work product doctrine.  (*See* Def.'s Letter Br. at 3.)  The Court will order Plaintiff to produce any and all responsive documents to this request still in Plaintiff's possession.

### b.  Other Objections

The Court finds that Plaintiff's "burdensomeness" objections to Document Requests 5 and 12 are unavailing.  The requests may well lead to highly relevant evidence.  While Plaintiff claims "burdensomeness," she has failed to explain how these requests are more burdensome than the benefits gained by obtaining responses to such requests.  Moreover, Defendant has agreed that Plaintiff need not disclose those documents disclosed to her by Defendant.

The same can be said of Plaintiff's duplicative objections to Document Requests 5,

12

6, 7, 9, and 12.  The Court will order Plaintiff to produce responsive documents in her possession that have not been produced to her by Defendant.

### c. Withholding of Responsive Documents

Finally, the Court addresses Defendant's claim that Plaintiff has withheld certain documents responsive to Defendant's Document Requests 5, 6, 7, 9, 12, and 15.  For example, Defendant states that certain text messages Plaintiff has produced appear to be excerpts of longer, ongoing conversations with the individuals listed in each particular document request.  (*See* Def.'s Letter Br. at 2-3 (discussing text messages produced in response to Document Requests 5, 7, and 9); *see also* Exs. A-C to Def.'s Letter Br., ECF No. 96 at 5 (copies of text messages produced by Plaintiff).)  Defendant also states that Plaintiff has acknowledged possession of certain emails and notes that may be responsive to Document Requests 12 and 15, but has nonetheless withheld tendering these documents to Defendant.  (Def.'s Letter Br. at 3.)

The Court has already found that the attorney work-product privilege would not apply to these documents.  Putting that objection aside, Plaintiff has not provided any other valid reason for withholding relevant communications with the individuals listed in Document Requests 5, 6, 7, 9, and 12 or notes that are responsive to Document Request 15.  Nor is Plaintiff's response that she has provided descriptions of the documents in lieu of actually producing them sufficient.  (*See* Pl.'s Reply Letter at 2-3 (discussing her response to Document Requests 6, 7, 12, and 15).)  Plaintiff shall produce all text messages, emails, notes, and other documents responsive to these requests.

In sum, Plaintiff's objections are unavailing and Plaintiff must produce all

13

responsive documents in her possession to Defendant that have not been previously produced by Defendant to Plaintiff. Further, Plaintiff may not withhold responsive documents from disclosure as outlined above. The Court will thus order Plaintiff to respond to these document requests accordingly.

### 4. Conclusion

The Court thus grants Defendant's motion to compel. Within 21 days, Plaintiff shall answer Request for Admission 1; answer Interrogatories 7, 8, and 11; and produce responsive documents to Document Requests 5, 6, 7, 9, 12, and 15 that have not previously been produced by Defendant to Plaintiff.

### C. Plaintiff's Motion to Compel

Plaintiff has also filed a motion to compel. The Court will address each of Plaintiff's alleged discovery deficiencies.

### 1. Initial Disclosures

At the beginning of an action, all parties must tender initial disclosures, which are independent from responses to specific discovery requests. *See* Fed. R. Civ. P. 26(a)(1)(A). This includes information on "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims . . . unless the use would be solely for impeachment;" copies of "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims . . . unless the use would be solely for impeachment;" and "a computation of each category of damages claimed . . . including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(i)-(iii).

14

Plaintiff asserts that Defendant's initial disclosures were vague, including that Defendant does not share the addresses or telephone numbers of the six witnesses it lists and that the descriptions of documents "gave no category or location listing." (Pl.'s Mem. in Supp. of Mot. to Compel (hereinafter "Pl.'s Mem. in Supp.") at 3, ECF No. 59.) The Court has reviewed Defendant's initial disclosures (*see* Ex. 1 to Jackson Aff., ECF No. 60-1) and finds that they are not vague and comply with Rule 26(a)(1)(A). The Court will deny Plaintiff's motion as it relates to the initial disclosures.

## 2. Interrogatories

In her motion, Plaintiff asks the Court to compel additional responses to her Interrogatories 5, 7, 9, 10, 12, 14, 15, 16, and 17. (Pl.'s Mem. in Supp. at 4.) In her post-hearing briefing, Plaintiff also challenges Defendant's responses to Interrogatories 2, 4, 11, and 13, as well as Michelle Stober's signature verifying Defendant's responses to Plaintiff's interrogatories.[2] (Pl.'s Reply Letter at 1-3.) Defendant asks the Court not to consider these new arguments by Plaintiff, as they are outside the scope of her motion to compel. (Def.'s Reply Letter at 2, ECF No. 98.) The Court agrees, and will not consider these new arguments, except to note that Ms. Stober's verification fully complies with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33(b)(1)(B) (allowing an officer or agent of a corporation to answer interrogatories); *cf. State Farm Mut. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 221 (E.D. Pa. 2008) (finding that the obligation of a party who verifies answers to interrogatories must "provide a verification stating to the best of

---

[2] Michelle Stober is the CEO for Defendant. (Ex. 2 to Jackson Aff. at 13, ECF No. 60-2.)

his or her knowledge, information, and belief, the answers provided are true and correct")
(citation omitted).

As to the arguments made in Plaintiff's motion, they generally fall into two
categories.  First, Plaintiff argues that Defendant should have cited specifically to the
documents it references in its responses to Interrogatories 5, 7, 9, 10, 12, 14, 15, and 16,
pursuant to Rule 33(d).[3]  (Pl.'s Mem. in Supp. at 7; *see also* Pl.'s Letter Br. at 2-3.)  Federal
Rule of Civil Procedure 33(d) outlines what a party must do if it seeks to produce business
records instead of answering an interrogatory.  But Defendant cited to the records produced
*in addition to* providing responses to each of these interrogatories.  (*See* Ex. 2 to Jackson
Aff.)  Defendant has complied with Rule 33 as it relates to these interrogatories and does
not need to specify further where in the documents tendered to Plaintiff certain information
can be found.  *See* Fed. R. Civ. P. 33(b).  Plaintiff's motion is denied as it relates to
Interrogatories 5, 7, 9, 10, 12, 14, 15, and 16.

Second, Plaintiff argues that Defendant did not answer interrogatory 17 at all.  (Pl.'s
Mem. in Supp. at 7.)  Defendant originally responded that, since the filing of the motion,
the parties resolved this dispute because Defendant supplemented its answer.  (*See* Leitch
Aff. ¶ 5, ECF No. 73 [hereinafter Leitch Aff. II]; *see also* Ex. A to Leitch Aff. II, ECF No.
73-1.)  Plaintiff has made clear that she is still unsatisfied with Defendant's response to
this interrogatory.  (*See, e.g.*, Pl.'s Letter Br. at 3 (persisting in her argument that Defendant

---

[3] The Court will not consider the additional claims Plaintiff raised against Defendant's responses to Interrogatories
5, 7, 9, 10, 12, 14, 15, and 16 (*see* Pl.'s Letter Br. at 2-3) as they are outside the scope of the motion originally
brought by Plaintiff. The Court notes, however, that in response to Plaintiff's Letter Brief, Defendant has served its
set of Second Supplemental Responses in a good-faith effort to resolve discovery disputes arising from its responses
to Interrogatories 9 and 10.  (*See* Def.'s Reply Letter at 2 and enclosure.)

has not answered the interrogatory and "seeking Defendant to answer and specify the documents for Interrogatory No. 17.".) Defendant rests on its objection, answer, and supplemental answer to this interrogatory. (*See* Def.'s Reply Letter at 2.)

The Court has reviewed Defendant's response to Plaintiff's Interrogatory 17. Plaintiff's Interrogatory 17 states, "If you deny any of the Requests for Admission, state the basis for the denial and describe every fact that supports your denial." (Ex. A to Leitch Aff. II at 12-14.) The objection (that the interrogatory is duplicative of the responses to Plaintiff's requests for admission), answer (referring Plaintiff to Defendant's responses to Plaintiff's requests for admission), and supplemental answer (providing a response) comport with Rule 33. (*See id.*) Plaintiff's motion is denied as it relates to Interrogatory 17.

### 3. Requests for Admission

Plaintiff also moves for an order compelling Defendant to answer "and/or specify" her Requests for Admission 1, 2, 4, 5, 8, 9, 12, 13, and 14. (Pl.'s Mem. in Supp. at 7.) In her post hearing briefing, Plaintiff also raises an issue with Defendant's response to Request for Admission 6. (Pl.'s Letter Br. at 3.) The Court will not consider this as it is outside the scope of the original motion. *See supra* Section II(C)(2). Defendant also asks the Court to rule that Plaintiff has withdrawn her challenges to its responses to Requests for Admission 2, 4, 5, 8, 9, and 12 because she does not reference them in her post-hearing briefing. (Def.'s Reply Letter at 2 (citing Pl.'s Letter Br. at 3).) The Court declines to do so, but finds that Defendant's responses to the requests for admission at issue are sufficient.

The Court previously discussed the parameters of requests for admission as

prescribed by Rule 36 when analyzing Defendant's motion to compel. *See supra* Section II(B)(1). Plaintiff's argument that Defendant needs to offer "factual evidence or specification on why [a] denial permits," (*see, e.g.*, Pl.'s Mem. in Supp. at 9) is unsupported by the requirements of Rule 36. The Rule requires, in relevant part, that

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Fed. R. Civ. P. 36(a)(4). The Court agrees with Defendant that "Rule 36 does not require further explanation or recitations of fact to support the admission or denial." (Def.'s Mem. in Opp'n to Pl.'s Mot. to Compel (hereinafter "Def.'s Mem. in Opp'n") at 12, ECF No. 72.)

The Court has reviewed Defendant's responses and supplemental responses to Plaintiff's requests for admission. (Exs. 3 & 4 to Jackson Aff., ECF. Nos. 60-3 & 60-4; *see also* Def.'s Letter Br. at 3-4 (sharing with the Court the second supplemental responses served on Plaintiff on August 6, 2021).) The Court finds these responses comply with Rule 36 and denies Plaintiff's motion as it relates to the requests for admission.

### 4. Requests for Production

Plaintiff also asks the Court to order Defendant further "answer" certain document requests "and/or specify" the documents Defendant refers to in its responses to Plaintiff's document requests. (Pl.'s Mem. in Supp. at 18.) Plaintiff argues that Defendant's responses "failed to identify documents in [Defendant's] possession, custody, or control

responsive to Plaintiff's request." (*See generally id.*)  She also argues that Defendant should have provided the document's name, date, author, and brief description, and states that the documents produced by Defendant are "unorganized and not labeled." (*Id.* at 13.) She concludes that while "Defendants [sic] have continuously boasted serving Plaintiff 571 documents . . . the Defendants [sic] failed to place any reference or identification to all 571 documents.  The Defendant must identify each document with sufficient specificity to enable Plaintiff to determine whether [Defendant] possesses the document." (*Id.* at 18; *see also* Pl.'s Letter Br. at 5 ("The Plaintiff must receive clarification of [Defendant's] responses and specification of documents to conduct meaningful and fair depositions.").)

The Court finds that Defendant has complied with Rule 34 in its responses to Plaintiff's Document Requests 1-11 and 13-14, as the rule does not require further identification of documents—and instead only requires that a party produce responsive documents to each request.  *See* Fed. R. Civ. P. 34(b)(2)(B).  Defendant produced documents in response to these requests.  (Def.'s Mem. in Opp'n at 16; *see also* Leitch Aff. II ¶ 2 ("On May 28, 2021, [Defendant] served its document production of 571 pages upon Plaintiff.  That production contained copies of all the documents listed in [Defendant's] Initial Disclosures and was Bates labeled.").)  The production Defendant has made is sufficient as it relates to these document requests.  It need not provide Plaintiff with an index to the documents or in any other way assist Plaintiff in going through the documents.

The Court, however, will grant in part Plaintiff's motion as it relates to Document Request 12.  This request states, "Provide copies of [Defendant's] annual reports, balance sheets, profit and loss statements, income statements, federal tax returns, and any other

documents reflecting SCS's overall financial condition from 2017 to the present." (Ex. 5 to Jackson Aff. at 6, ECF No. 60-5.)  Defendant originally objected to this request, stating that "annual reports" was vague and ambiguous; that the financial information was not relevant to the employment discrimination claims or defenses; and that the request is not proportional to the needs of the case.  (*Id.*)

The Court has, in the intervening time, granted Plaintiff's request to amend her complaint to add a claim for punitive damages, without commenting on the merits of the amendment.  (July 21, 2021 Order at 13.)  "It is well-established that under federal law, evidence of [a defendant's] financial worth is relevant to a claim for punitive damages." *Basra v. Ecklund Logistics, Inc.*, No. 8:16CV83, 2016 WL 7413474, at *3 (D. Neb. Dec. 22, 2016) (quoting *North Dakota Fair Housing Council, Inc. v. Allen*, 298 F. Supp. 2d 897, 899 (D. N.D. 2004)); *but see Transocean Grp. Holdings, PTY Ltd. v. South Dakota Soybean Processors, LLC*, No. 07-cv-652 (JRT/FLN), 2008 WL 11383667, at *1 (D. Minn. Nov. 19, 2008) (ruling that defendants should not be compelled to produce financial information unless some or all punitive damages claims survive summary judgment).  "Past earnings and worth" however, "cannot reasonably lead to relevant information on the issue of punitive damages." *Hughes v. Groves*, 47 F.R.D. 52, 55 (W.D. Mo. 1969).  At the hearing, Defendant agreed to produce its Profit and Loss statements from 2017 through the present in response to Plaintiff's Document Request 12.  (*See* Def.'s Reply Letter at 3.)

Considering the stage of the case, the proportionality factors, and the extremely sensitive nature of this financial information, as well as Defendant's stated position, the Court finds Defendant's proposal sufficient and will order Defendant to produce its Profit

20

and Loss statements from 2017 through the present to Plaintiff.

### 5. Sanctions

Plaintiff asks for $500,000 dollars in sanctions for misconduct and violation of Rule 37. (Pl.'s Mem. in Supp. at 19.)  This request is without merit and shall be denied.  *See* Fed. R. Civ. P. 37.

### 6. Conclusion

The Court thus grants in part and denies in part Plaintiff's motion to compel as specifically outlined herein.  Within 21 days, Defendant shall produce its Profit and Loss statements from 2017 through the present.  The balance of Plaintiff's motion is denied.

### III.  ATTORNEY'S FEES

Because the Court grants in part and denies in part Plaintiff's motion to compel, it shall not award attorney's fees on that motion.  *See* Fed. R. Civ. P. 37(a)(5)(C).  The Court is granting Defendant's motion to compel.  The Federal Rules of Civil Procedure provide that, when a motion to compel is granted, a court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  "But the [C]ourt must not order this payment if other circumstances make an award of expenses unjust."  *Id.*  Here, the Court finds each party should bear their own fees and expenses.

### IV. JOINT MOTION TO MODIFY THE SCHEDULING ORDER

The parties move to modify the pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4).  Pursuant to this motion, the parties jointly agreed not to serve

new discovery requests or depositions after July 1, 2021, until the Court issues decisions on the motions to compel; to complete fact discovery within 30 days of the Court's ruling; and that they would not serve new discovery requests or notice new depositions without leave of Court.[4]  (ECF No. 67 at 2.)   Rule 16(b) provides that the scheduling order set by a court "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see also* D. Minn. LR 16.3(b) (requiring a party moving to modify a scheduling order to "establish good cause for the proposed modification" and "explain the proposed modification's effect on any deadlines.").   "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (quotation omitted).  For good cause shown, and noting that the motion was filed prior to the close of discovery, the Court will grant this motion.  An Amended Pretrial Scheduling Order shall issue.

## V. MOTION TO COMPEL 30(b)(6) DEPOSITION

Plaintiff moves to take a 30(b)(6) deposition and first noticed Defendant of her intention to take such a deposition on August 2, 2021.[5]  (ECF No. 91 at 1.)  This is more than 30 days after the close of discovery under the operative Pretrial Scheduling Order. (*See* ECF No. 32 at 1.)

As the Court has stated above, *see supra* Section IV, a scheduling order may only

---

[4] Plaintiff's motion for a 30(b)(6) deposition runs contrary to the agreement made by the parties.  Because the Court is not granting that motion for a separate reason, *see infra* Section V, the Court need not consider the contrary positions taken by Plaintiff.

[5] Plaintiff confirmed at the hearing that she did not contact the Court prior to filing this motion, in violation of this district's local rules.  *See* D. Minn. LR 7.1.  **The Court reminds Plaintiff for the final time that her pro se status does not preclude her from following such rules.  *See supra* at 3.**

be modified for good cause.  Fed. R. Civ. P. 16(b)(4).  "The good cause standard of Rule 16(b) is an exacting one, for it demands a demonstration that the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension."  *IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, 326 F.R.D. 513, 522 (D. Minn. 2018) (quotation omitted).  "The 'exacting' standard set by Rule 16(b) requires that a moving party first make the requisite good cause showing."  *Coleman v. Minneapolis Pub. Schs.*, No. 18-cv-2283 (DSD/ECW), 2020 WL 6042394, at *3 (D. Minn. Oct. 13, 2020) (citing *E.E.O.C. v. Hibbing Taconite Co.*, 266 F.R.D. 260, 265 (D. Minn. 2009)).  "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  *Sherman*, 532 F.3d at 716-17 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)).  "If the court is satisfied that the movant was diligent, it will also generally consider possible prejudice to the nonmovant."  *Shank v. Carleton College*, 329 F.R.D. 610, 614 (D. Minn. 2019).

Plaintiff has provided little to no reasoning in her motion for why she was unable to meet the Pretrial Scheduling Order's deadline.  Plaintiff was able to notice three Rule 30 depositions before the July 1, 2021 deadline.  (*See* Def.'s Mem. in Opp'n to Pl.'s Mot. for a Rule 30(b)(6) Dep. at 2, ECF No. 97.)  The Court finds Plaintiff was not diligent in attempting to meet the operative Pretrial Scheduling Order's deadline when attempting to notice a Rule 30(b)(6) deposition more than a month after the deadline to do so.  Because she has not demonstrated good cause to modify the scheduling order, Plaintiff's motion is

denied.[6]

## VI. ORDER

Therefore, based on the foregoing, and all of the files, records, and proceedings

herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Compel (ECF No. 46) is **GRANTED**.

   a. Within 21 days, Plaintiff shall:

      i. answer Request for Admission 1;

      ii. answer Interrogatories 7, 8, and 11; and

      iii. produce any outstanding responsive documents to Document Requests 5, 6, 7, 9, 12, and 15 as specifically outlined herein.

2. Plaintiff's Motion to Compel (ECF No. 57) is **GRANTED IN PART** and **DENIED IN PART**.

   a. Within 21 days, Defendant shall produce its Profit and Loss statements from 2017 through the present to Plaintiff.

   b. Plaintiff's motion is denied in all other respects.

3. Each party shall bear their own attorney's fees and expenses.

4. The parties' Joint Motion to Modify the Scheduling Order (ECF No. 66) is **GRANTED**.

5. An Amended Pretrial Scheduling Order shall issue.

6. Plaintiff's Motion to Compel 30(b)(6) Corporate Witness Deposition (ECF No. 91) is **DENIED**.

7. All prior consistent orders remain in full force and effect.

---

[6] As the Court is denying this motion on the basis that Plaintiff did not provide good cause for modifying the scheduling order, it declines to comment on the motion's incompatibility with the agreement Plaintiff reached with Defendant when filing the joint motion to modify the scheduling order.

8. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: September  8 , 2021

_____*s/Tony N. Leung*_____
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Jackson v. Senior Care Sols.*
Case No. 20-cv-2336 (TNL)